**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOSHUA L. HOLLADAY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 1:17-cv-00915-RDM |
| v. | ) | |
| | ) | |
| THE ISLAMIC REPUBLIC OF IRAN, et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## PLAINTIFFS' BRIEF REGARDING CASE CAPTION ERRATA

## I.   INTRODUCTION

Plaintiffs submit this brief, as directed by the Court in the Minute Order dated June 28, 2018, regarding the Plaintiffs whose names were inadvertently omitted from the case caption of Plaintiffs' First Amended Complaint ("FAC") [1]. (Doc. 16). Although the names of three Plaintiffs in this case were omitted from the caption, their names were nevertheless included in the caption of the Farsi translated version of the FAC that was served on the Defendants. Moreover, the identity of these three Plaintiffs and their claims are contained in both the body of the English version of the FAC, as well as in the body of the Farsi version of the FAC. As explained below, under established federal law, the case caption does not determine who the parties are, nor does it determine the court's jurisdiction. Rather, the body of the complaint does. Accordingly, because the three Plaintiffs were identified in the body of the FAC, they were properly made parties to this lawsuit, and the Court is not deprived of jurisdiction over their claims under the FSIA.

---

[1] Plaintiffs have identified two additional technical issues concerning Plaintiff Mary Bass and Plaintiff Allen Milton whose names are not omitted, but nevertheless need correction as further discussed herein.

The Court has permitted Plaintiffs to file an errata sheet to the FAC correcting these technical errors. Plaintiffs have prepared an errata sheet, which is attached and which identifies the errors to be corrected. See Notice of Errata to First Amended Complaint, attached as "Exhibit A"; Corrected Pages of the FAC, attached as "Exhibit B". These changes do not substantively alter the allegations, claims, or the relief sought against the Defendants, and may accordingly be corrected by an errata. Because these corrections are not substantial or material changes to the complaint, Plaintiffs are not required to re-serve the Defendants with an amended complaint.

## II. BACKGROUND

### A.  Plaintiffs Cathy Jean Mills, Jacob Mills, And Joshua Mills

The present case is filed on behalf of 124 Plaintiffs, all of whom are identified in the body of Plaintiffs' First Amended Complaint. (Doc. 16 ¶¶561-1115).[2] Three of those Plaintiffs, however, were inadvertently omitted from the caption:

- **Cathy Jean Mills** is the mother of Plaintiff Hardy Pierce Mills IV. Cathy Jean Mills is identified as a Plaintiff in **paragraph 1075 of the FAC on page 181**, and has a loss of solatium/loss of consortium claim as a result of Mr. Mills' injuries.

- **Jacob Mills** is a brother of Plaintiff Hardy Pierce Mills IV. He is identified as a Plaintiff in **paragraph 1076 of the FAC on page 181**, and has a loss of solatium/loss of consortium claim as a result of Mr. Mills' injuries.

- **Joshua Mills** is a brother of Plaintiff Hardy Pierce Mills IV. He is identified as a Plaintiff in **paragraph 1077 of the FAC on page 181**, and has a loss of solatium/loss of consortium claim as a result of Mr. Mills' injuries.

The FAC further states: "As a result of the June 29, 2004 Terrorist Attack and the injuries suffered by Hardy Pierce Mills IV, Plaintiffs Cathy Jean Mills, Jacob Mills, and Joshua Mills have incurred past and future noneconomic damages, including severe mental anguish, extreme

---

[2] The Original Complaint, filed on May 15, 2017, naming 34 Plaintiffs, was amended before service on Defendants on September 14, 2017, to add 90 more Plaintiffs.

emotional pain and suffering, loss of solatium, loss of consortium, and past and future economic damages, including loss of services." (Doc. 16, ¶1078).

The version of the First Amended Complaint translated into Farsi contained the correct information in the caption. See Declaration of Yosef Mansharoff, attached as "Exhibit C". As a consequence, the caption of the Farsi translated version of the First Amended Complaint—the complaint that was actually served on the Defendants—includes Plaintiffs Cathy Jean Mills, Jacob Mills, and Joshua Mills. *Id*. Therefore, Defendants were notified of these claims both in the caption and in the body of the complaint.

### B.  Plaintiff Mary L. (Bass) Milton

Plaintiff Mary L. (Bass) Milton is the mother of Plaintiff Travis R. Bass. In the body of the FAC, her name appears as "Mary Louise Milton," which is her current married name, and she is identified as the mother of Travis Ryan Bass. (Doc. 16 ¶ 844). In the caption, however, her name inadvertently appears as "Mary L. Bass," which was her prior married name during her marriage to Plaintiff Travis Ryan Bass's father. However, an examination of the Farsi translated caption shows that she was listed as "Mary L. (Bass) Milton." Mansharoff Decl. ¶ 5-6.

### C.  Plaintiff Allen Milton

Plaintiff Allen Milton is the stepfather of Travis R. Bass. In both the caption and the body of the FAC, his name appears as Allen Milton. (Doc. 16, ¶ 845). Mr. Milton goes by Allen Milton, however, Mr. Milton's full name is Harold Allen Milton.

## III. LEGAL AUTHORITY AND ARGUMENT

### A.     The Case Caption Is Not Determinative of the Parties or the Court's Jurisdiction

Although Rule 10(a) requires all parties to be listed in the caption of the complaint, "errors in captions are common and need not 'be viewed as [] fatal defect[s],'" *Hawkins v. Wash. Metro. Area Transit Auth.*, 2018 U.S. Dist. LEXIS 72558 *6 (D.D.C. April 17, 2018), citing 5A Wright & Miller, Federal Practice & Procedure § 1321 (3d ed. 2004 & Supp. 2017). "The caption is chiefly for a court's administrative convenience." *Hawkins*, 2018 U.S. Dist. LEXIS 72558 *7, citing *Marsh v. Butler Cty.*, 268 F.3d 1014, 1023 n.4 (11th Cir. 2001). The caption is not material for purposes of determining jurisdiction. *Sikora v. Brenner*, 379 F.2d 134, 136-37 (D.C. Cir. 1967). As Wright & Miller explain:

> Although helpful to the district court, the contents of the caption usually are not considered a part of the pleader's statement of the claim or the response thereto for purposes of applying the pleading rules. Moreover, the caption is not determinative as to the identity of the parties to the action....

> [F]ederal courts generally will allow an amendment under Rule 15 to correct technical defects in the caption when that is thought necessary. This corrective action seems appropriate inasmuch as a defective caption or even its complete absence is merely a formal error and never should be viewed as a fatal defect, particularly when it can be remedied early in the action. Moreover, allowing the defect to be corrected is consistent with the spirit of the federal rules in general and with Rule 8(f) in particular.

5A Wright & Miller, Federal Practice & Procedure, § 1321 (3d ed. 2012).

Thus, case caption defects, including the absence of a party name, are not determinative of the parties or the court's jurisdiction. For example, in *Abecassis v. Wyatt*, 902 F. Supp. 2d 881, 910–11 (S.D. Tex. 2012), the plaintiffs brought claims against various persons and companies under the Anti-Terrorism Act, the Alien Tort Statute, and the Trafficking Victims Protection Act. The court determined that the absence of the names of twelve plaintiffs from the original caption

did not exclude them as parties in the original complaint because they were "clearly designated as plaintiffs in the body of the complaint":

> This court agrees with the plaintiffs that the twelve French Hill plaintiffs who were not included in the original complaint's caption were, nonetheless, joined as plaintiffs in the original complaint. An initial complaint must be construed liberally. Fed. R. Civ. P. 8(e). Technical defects do not provide a basis for dismissal. . . . Although the caption may serve as a guide, courts look to the body of the complaint to determine the parties.

*Id*. at 910-11. Following Wright & Miller and numerous cases in accord, the *Abecassis* court held that because the original complaint included the twelve plaintiffs in the list of "Plaintiffs" who had claims within the body of the complaint and identified the nature of the plaintiffs' claims against the defendants, the original complaint was sufficient to put the defendants on notice of the plaintiffs' status as parties. *Id*. at 911.

Courts recognize the caption must give way to the substance of the complaint. *See, e.g., Comparelli v. Republica Bolivariana De Venezuela*, 891 F.3d 1311, 1318 (11th Cir. 2018) (Where the original complaint contained an error in its caption, the court held, "although captions provide helpful guidance to the court, they are not determinative as to the parties to the action or the court's jurisdiction."); *Czajkowski v. Illinois*, 460 F. Supp. 1265, 1269 n.1. (N.D. Ill. 1977) ("Although O'Leary and his class do not appear as plaintiffs in the caption of the complaint, this omission is only a formal irregularity… [t]he nature of plaintiff's cause of action is determined by the allegations of the complaint, not the caption."); *France v. Touro Coll*., 2016 U.S. Dist. LEXIS 20006, at *15 (E.D.N.Y. Feb. 16, 2016) ("[I]n the context of federal court captions, 'the caption itself is normally not determinative of the identity of the parties or of the pleader's statement of claim.'"); *Oberg v. City of Taunton*, 972 F. Supp. 2d 174, 186 (D. Mass. 2013) ("Where, as here, 'the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are.'"); *Goldman v.*

*Commissioner*, 1997 U.S. App. LEXIS 8101, at *8-9, (2d Cir. Apr. 18, 1997) ("Although captions provide helpful guidance to the court, they are not determinative as to the parties to the action or the court's jurisdiction . . . So long as the substance of the pleading makes it plain that a party is intended to be a party, an incorrect caption will not govern."); *Ewert v. Poly Implant Protheses*, 2008 U.S. Dist. LEXIS 87047, at *3-4 (S.D. Tex. Oct. 27, 2008) ("Although Plaintiffs in the caption of their Complaint name only Poly Implant, the Court necessarily looks to the substance of the Complaint to see whose conduct is the subject of the claim and against whom the action is alleged."); *Church v. City of Cleveland*, 2010 U.S. Dist. LEXIS 124702, at *7-8 (N.D. Ohio Oct. 26, 2010) ("The caption of a complaint is not part of the statement of claims against any alleged defendants, but is chiefly for a court's administrative convenience for identifying the case. . . . A court may look to the body of the complaint to determine the parties, in what capacity the defendants are being sued, and the nature of the claims asserted.").

Here, the Plaintiffs who were omitted from the caption were in the body of the FAC. Further, they were in the caption and the body of the Farsi translation that was served on Defendants. Therefore the errors in the case caption are not determinative of the parties or court's jurisdiction.

**B.     The Minor Clerical Errors Here Do Not Affect the Parties or the Court's Jurisdiction**

Plaintiffs Cathy Jean Mills, Jacob Mills, and Joshua Mills, are "clearly designated as plaintiffs in the body of the complaint." *Abecassis v. Wyatt*, 902 F. Supp. 2d 881, 911 (S.D. Tex. 2012). Their claims are specifically identified. (Doc. 16, ¶¶ 1075-1078). Given that the body of the FAC clearly identifies these Plaintiffs and their claims, and given that the Farsi version of the FAC served on the Defendants includes these Plaintiffs in the caption—there is no question that the FAC put the Defendants on notice of the Plaintiffs' status as parties and their claims. The

technical caption defect in the English version of the FAC does not undermine the status of these Plaintiffs as parties or the court's jurisdiction over their claims. *See Hawkins,* 2018 U.S. Dist. LEXIS 72558 *6-9; *Abecassis*, 902 F. Supp. 2d at 911; *Comparelli*, 891 F.3d at 1318, and the numerous other cases cited *supra*.

Similarly, the error in naming Plaintiff Mary Bass by her former married name in the caption instead of by her current married name, Mary Milton, as set forth in the body of the FAC is a similar, non-substantive technical caption defect that can be corrected by a simple errata and does not prevent the Court from asserting jurisdiction over her and her claims. See cases, cited *supra.* See also e.g., *Saterbak v. Nat'l Default Servicing Corp.*, 2017 U.S. Dist. LEXIS 8399, at *1 n.1 (S.D. Cal. Jan. 19, 2017) (noting that [plaintiff "filed an amended notice of errata" stating that "the caption of the amended complaint incorrectly named "Securitized Asset Management II, Inc." as a defendant; the correct name of Defendant is "Structured Asset Mortgage Investments II, Inc."); *Wright v. Carroll Cty. Bd. of Educ.,* 2012 U.S. Dist. LEXIS 72598, at *14 n.10 (D. Md. May 24, 2012) (recognizing that plaintiffs' filing of a corrected version (ECF 3) of their original complaint (ECF 1) was not an amended complaint under Rule 15 and "[i]n actuality, ECF 3 'merely correct[ed] three typographical errata in the earlier version'").

As with the Mills Plaintiffs above, Ms. Milton and her claim are listed in the body of the FAC, and the Farsi version of the FAC included her proper name Mary L. (Bass) Milton in the caption, providing Defendants full notice and understanding of her status as a party plaintiff. Finally, clarifying Plaintiff Allen Milton's common name to include his full name (Harold Allen Milton) simply adds non-substantive clarifying information. It has no impact on the substance of the complaint or the claims therein.

These technical issues do not affect the identification or status of these Plaintiffs as parties or the Court's jurisdiction. These issues can and should easily be remedied by Plaintiffs' Errata Sheet amending the caption to correct these non-substantive errors. See e.g., *Day v. Cornèr Bank (Overseas) Ltd.*, 789 F. Supp. 2d 136, 143, 144, n.6 (D.D.C. 2011) (recognizing that errata are typically used by parties to make minor corrections, including typographical errors; an errata is not for making substantive changes to pleadings); *Family Golf Ctrs., Inc. v. Acushnet Co.(In re Randall's Island Family Golf Ctrs., Inc.)*, 290 B.R. 55, 62-63 (Bankr. S.D.N.Y. 2003):

> The caption is not part of the statement of the claim, … and a defect in the caption should <u>never</u> be viewed as a fatal error. . . . The failure to comply with the "caption" requirements of FED. R. CIV. P. 10(a) will generally be overlooked in the absence of prejudice, and at most, will result in an order directing the party to amend the caption to add the missing name.

*Id.*, citing *EEOC v. Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers, Local 580*, 139 F. Supp. 2d 512, 525 (S.D.N.Y. 2001), 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1321, at 726 (1990), and 2 James Wm. Moore, Moore's Federal Practice § 10.02[2][b], at 10-8 (3rd ed. 2002) (emphasis in original). *Cf.* Fed.R.Civ.Pro. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."). Here, Plaintiffs' minor clerical errors are not fatal, and will cause no prejudice to Defendants.

## C.     An Amendment, Correcting These Technical Errors, Does Not Have to be Re-Served on the Defendants

Several D.C. Circuit courts in FSIA cases against the Islamic Republic of Iran have decided that where the defendant has failed to appear and where the changes made in an amended complaint are not substantial, there is no need to re-serve the defendant. For example, the court in *Dammarell v. Islamic Republic of Iran*, held that service on a foreign state or instrumentality pursuant to 28 U.S.C. 1608 "is inapplicable in the setting where the defendant foreign state has failed to appear,

and is therefore in default, and where an amendment does not add any claims but instead clarifies existing claims." 370 F. Supp. 2d 218, 224 (D.D.C. 2005). The amendment did "little more than provide the particularity required" that plaintiffs must "identify a particular cause of action arising out of a specific source of law" other than the FSIA itself. *Id*. at 222. The court held that several considerations lead to this result: 1) section 1608 anticipates formal service only of an initial pleading; 2) dispensing with formal service under 1608 is consistent with Fed.R.Civ.P. 5(a), which provides that "no service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served [under Rule 4].'"; the cost, timing, and burden of service under section 1608 does not require service where the foreign state defendant has defaulted and the amended complaint does not change the relief being sought. *Dammarell,* 370 F. Supp. 2d at 224.

Likewise in *Blais v. Islamic Republic of Iran*, 459 F. Supp. 2d 40, (D.D.C. 2006), the plaintiffs filed a third amended complaint against defendants Iran, MOIS, and the IRGC, which was intended to notify defendants that the plaintiffs' claims were grounded not only in the federal statutory scheme, but also in state substantive law, and also limited its claims to those three defendants who had been served (other named defendants not served were dismissed). The court held: "Even were these changes characterized as substantive[,] Iran, the MOIS and the IRGC had fair notice of the allegations and relief sought, because the changes to the third amended complaint were not substantial." *Id*. at 46.

In *Prevatt v. Islamic Republic of Iran*, 421 F. Supp. 2d 152, 155 (D.D.C. 2006), the court held the amended complaint did not need to be re-served where the "amended complaint removed the designation of plaintiff as administrator of her brother's estate, deleted the wrongful death count, and changed the solatium count to an intentional infliction of emotional distress count." *Id*.

The court stated that "[e]ven were these changes characterized as substantive, Iran and the IRGC had fair notice of the allegations and relief sought, because the amended complaint simply deleted some of the references and information that was contained in the initial complaint." *Id.*

Finally, in *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2009), the Court followed *Blais and Dammarell* and did not require plaintiff to re-serve when the amended complaint restated the allegations from their original complaint under the updated state sponsor of terrorism exception (§ 1605A), but did not substantially change the claims:

> Personal jurisdiction exists over a non-immune sovereign as long as service of process has been made under Section 1608 of the FSIA… Service of the original complaint was effected on all three Defendants under 28 U.S.C. § 1608(a)(4)… Plaintiff did not serve the amended complaint on defendants. Where changes made in an amended complaint are "not substantial," the requirement of Rule 5(a)(2) of the Federal Rules of Civil Procedure that a pleading that states a new claim for relief against a party in default must be served on that party is not applicable… Plaintiff's amended complaint did not substantially change the allegations in the original complaint and did not add new defendants. The causes of action are essentially the same, but, as explained below, are now available under another source of law -- namely, Section 1605A. The Court will not require the plaintiff to serve the amended complaint.

*Belkin*, 667 F. Supp. 2d at 19-20.

The changes that Plaintiffs propose here to the FAC are simply technical corrections that have no impact on the substantive nature of the claims. They are even less significant than the changes made in *Dammarell, Blais, Prevatt,* and *Belkin,* wherein the court determined no further service was required. The allegations here are not changed, the facts are not changed, the legal basis for the claims are not changed, and the relief requested has not changed. An errata making non-substantive corrections is appropriate and service on the Defendants with an amended complaint is not necessary.

## IV. CONCLUSION

The technical errors identified above are not determinative of the parties or the Court's jurisdiction. These non-substantive technical irregularities can be corrected through an errata. Because the changes are not substantial and do not affect the claims or the request for relief, neither the Federal Rules of Civil Procedure nor case law interpreting the Rules in the context of FSIA require service of an amended complaint on the Defendants under the circumstances here.

Dated: July 12, 2018

Respectfully submitted,

By: /s/ Howard L. Nations
Howard L. Nations
**THE NATIONS LAW FIRM**
DC Bar No. TX143
3131 Briarpark Drive, Suite 208
Houston, Texas 77042
Telephone: 713.807.8400
Facsimile: 713.807.8423
Email:howard@howardnations.com

*Attorney for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served by electronic filing with the

Clerk via the CM/ECF system, which electronically notifies all registered participants.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 12, 2018                    Respectfully submitted,

_/s/ Howard L. Nations_