UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA L. HOLLADAY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:17-cv-00915-RDM |
| v. ) | |
| ) | |
| THE ISLAMIC REPUBLIC OF IRAN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**PLAINTIFFS' STATUS REPORT IN ADVANCE OF
OCTOBER 30, 2019 STATUS CONFERENCE**

Plaintiffs submit this Status Report in advance of the Status Conference set for October 30, 2019, pursuant to the Court's Minute Entry of May 2, 2019:

**I.  UPDATES SINCE LAST STATUS CONFERENCE**

Since the last in-person status conference on May 2, 2019, the following events relevant to this litigation have occurred:

- The Court of Appeals for the D.C. Circuit issued its ruling in *Maalouf et al. v. Islamic Republic of Iran et al.,* No. 18-7052 (D.C. Cir. May 10, 2019), wherein it held a court has no authority to raise *sua sponte* the statute-of-limitations defense in an FSIA terrorism case when that defense has been forfeited by a defendant who has defaulted and is absent from the proceedings.

- This Court entered protective orders pursuant to agreements between Plaintiffs, on the one hand, and the FBI and Department of Defense, on the other. Docs. 78 & 80. Plaintiffs entered into these agreements to facilitate the production of case-relevant documents from these two government agencies.

- The Court issued its Memorandum of Opinion and Order granting Plaintiffs' motion for an order that the service-of-process requirements under FSIA had been satisfied as to Defendants Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, the Iranian Ministry of Intelligence and Security, and Bank Melli Iran. The Court denied the motion without prejudice as to Defendants Bank Markazi Jomhouri Islami Iran ("Bank Markazi") and the National Iranian Oil Company ("NIOC"). Doc. 81.

- Plaintiffs' previous Status Report (Doc. 75) provided details about their retained expert witnesses. Since then, Plaintiffs have retained additional experts for this case. Plaintiffs are prepared to share with the Court details of those additional experts at the upcoming status conference.

- Plaintiffs continue to seek and obtain information from governmental offices and agencies pursuant to the Freedom of Information Act. Attached as Exhibit 1 is a detailed explanation of the status of the FOIA requests.

- Plaintiffs have served subpoenas on various governmental agencies, including the Department of Defense, the Department of Justice, and the Department of Treasury. Exhibit 1 provides a detailed explanation of the status of those subpoenas.

II.    **PENDING AND IMPENDING ISSUES**

Plaintiffs would like to address and discuss the following issues with the Court at the status conference:

### A. The Status of Defendants Bank Markazi Jomhouri Islami Iran and the National Iranian Oil Company under 28 U.S.C. § 1608

The Court, in its Memorandum of Opinion and Order on service of process, determined that the status of Bank Markazi and NIOC—*i.e.*, whether those entities are political subdivisions of Iran under 28 U.S.C. § 1608(a) or agencies/instrumentalities of Iran under 28 U.S.C. § 1608(b)—"cannot be resolved on the current record." Doc. 81, p. 4. To address this issue, Plaintiffs have been working with their subject-matter expert and intend to submit supplemental evidence so the status of these defendants can be resolved.

The Court also raised questions about the delivery and return of the summons and complaint to these defendants. *See Id.*, p. 10. To that end, Plaintiffs have been working with DHL to obtain additional information, and met and conferred with DHL counsel on October 22, 2019. DHL is attempting to gather information about the service packages and has indicated their willingness to assist. If it appears a subpoena issued to DHL may be necessary, the Plaintiffs will further inform the Court. Once Plaintiffs obtain additional information pertinent to the questions raised by the Court, they will supplement the record accordingly.

### B. Subpoena to Department of Defense and Motion to Compel

Plaintiffs have prepared and will soon file a motion to compel the Department of Defense to comply with a duly served subpoenas, which seek critical information about the weapons used in the subject terrorist attacks, terrorist groups responsible for the attacks, and the role of Iran. Those subpoenas were served at the beginning of the year and yet only a small fraction of the requested documents have been produced. Plaintiffs are prepared to discuss these subpoenas and the impending motion to compel.

      **C. Consolidating this Case with *Williams, et al. v. Islamic Republic of Iran, et al.*, Case No. 1:18-cv-2425-RDM**

At the previous status conference, the Court and counsel discussed the potential consolidation of this case with the related case of *Williams, et al. v. Islamic Republic of Iran, et al.*, Case No. 1:18-cv-2425-RDM, which was assigned to Your Honor. Plaintiffs intend to wait until after all service-of-process issues are resolved to file a motion to consolidate.

**III. CONCLUSION**

Plaintiffs (through counsel) will be prepared to discuss the foregoing items and topics at the status conference on October 30, 2019, and any other matters the Court wishes to discuss.

Dated: October 23, 2019　　　　　　　　　Respectfully submitted,

          By: */s/ Christopher G. Paulos*
          Christopher G. Paulos (*Pro Hac Vice*)
          Florida Bar No. 0091579
          **Levin, Papantonio, Thomas, Mitchell, Rafferty and Proctor, P.A.**
          316 South Baylen Street, Suite 600
          Pensacola, Florida 32502
          Telephone: 850.435.7000
          Facsimile: 850.436.6067
          Email: cpaulos@levinlaw.com
          *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by electronic filing with the Clerk via the CM/ECF system, which electronically notifies all registered participants.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 23, 2019                             Respectfully submitted,

                                                    */s/ Christopher G. Paulos*