UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA L. HOLLADAY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:17-cv-00915-RDM |
| v. ) | |
| ) | |
| THE ISLAMIC REPUBLIC OF IRAN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' APRIL 10, 2020 STATUS REPORT**

Plaintiffs submit this Status Report pursuant to the Court's Minute Entry dated October 30, 2019.

**I. Status of Defendants Bank Markazi and the National Iranian Oil Company under 28 U.S.C. § 1608 and the Sufficiency of Service of the Complaint on those Defendants**

On September 23, 2019, the Court granted Plaintiffs' motion for an order that the service-of-process requirements under FSIA had been satisfied as to Defendants Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, the Iranian Ministry of Intelligence and Security, and Bank Melli Iran; but the Court denied the motion *without prejudice* as to Defendants Bank Markazi Jomhouri Islami Iran ("Bank Markazi") and the National Iranian Oil Company ("NIOC"). Doc. No. 81. The Court stated whether Bank Markazi and NIOC are political subdivisions of Iran or agencies/instrumentalities of Iran under 28 U.S.C. § 1608 "cannot be resolved on the current record." *Id*., at 4. Plaintiffs have continued to work with their subject-matter experts on this issue and are ready to supplement the record.

The Court also raised questions about the sufficiency of service of the complaint on Bank Markazi and NIOC. *Id.*, at 10. Since October 2019, Plaintiffs have been working with DHL to obtain additional information about the delivery of the complaints to Bank Markazi and NIOC. The deposition of DHL was originally scheduled to occur on February 11, 2020 in Fort Lauderdale, Florida, but DHL failed to attend the deposition (and Plaintiffs made a record of DHL's failure to appear). The deposition was rescheduled for March 10, 2020 in Phoenix, Arizona. The deposition went forward and DHL testified that the complaints were in fact delivered to both Bank Markazi and NIOC.

Plaintiffs intend to file a renewed motion for an order that the service-of-process requirements under FSIA have been satisfied as to Bank Markazi and NIOC.

**II.  Status of Third-Party Discovery**

Plaintiffs have continued pursuing discovery from third parties, namely the U.S. Department of Defense (and its various sub-agencies) and the U.S. Federal Bureau of Investigation. Plaintiffs are also pursing third-party discovery against certain banking institutions and expect to file motions for the entry of protective orders with respect to documents produced by those third-party banking institutions.

Plaintiffs and counsel for DOD appeared before the Court on January 30, 2020 to discuss DOD's responses to Plaintiffs' subpoenas. The Court set certain production deadlines for DOD, but those deadlines have been extended due to COVID-19. Plaintiffs and DOD continue to work together on the production issues during these extraordinary times.

On March 24, 2020, Plaintiffs' counsel and counsel for DOD had a conference call with individuals working at the Terrorist Explosive Device Analytical Center ("TEDAC") of the Federal Bureau of Investigation, along with an FBI attorney. The call was productive. TEDAC

stated that it needed the CEXC numbers to search for specific attacks, but also informed DOD and Plaintiffs that it could conduct searches for documents using specific names (e.g., foreign combatants' names related to specific attacks) that might identify documents, although such documents would still need to be reviewed for responsiveness and for privileges and other protections that would restrict release.

On March 25, 2020, the Army produced 877 pages of documents that had been *previously produced* to Plaintiffs in response to a Freedom of Information Act request but that the Army "reprocessed" to determine if additional information could be released (i.e., redactions removed) pursuant to Plaintiffs' *Touhy* request. Under normal circumstances, production of "reprocessed" pages would not count towards DOD's obligation to process 500 pages every 60 days. However, due to the current Covid-19 pandemic, Plaintiffs and DOD have agreed that the production of these 877 reprocessed pages will satisfy DOD's May 11, 2020 deadline.

### III. Consolidating this Case with *Williams, et al. v. Islamic Republic of Iran, et al.*, Case No. 1:18-cv-2425-RDM

The Court and Plaintiffs' counsel have discussed the potential consolidation of the subject case with the related case of *Williams, et al. v. Islamic Republic of Iran, et al.*, Case No. 1:18-cv-2425-RDM, which was also assigned to Your Honor. After the service-of-process issues are resolved, Plaintiffs intend to file a motion to consolidate the two cases.

### IV. Next Status Report

Due to the current situation presented by COVID-19, Plaintiffs respectfully suggest Plaintiffs file another Status Report on Friday, July 10, 2020.

Dated: April 10, 2020                                  Respectfully submitted,

By: */s/ Dustin B. Herman*
DUSTIN B. HERMAN (*Pro Hac Vice*)
Ohio Bar No. 0093163

**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Ave., East, Suite 1700
Cleveland, Ohio 44114
Telephone: (216) 696-3232
Facsimile: (216) 696-3924
Email: dherman@spanglaw.com

*Counsel for Plaintiffs*

By: */s/ Christopher G. Paulos*
Christopher G. Paulos (*Pro Hac Vice*)
Florida Bar No. 0091579
**Levin, Papantonio, Thomas, Mitchell, Rafferty and Proctor, P.A.**
316 South Baylen Street, Suite 600
Pensacola, Florida 32502
Telephone: 850.435.7000
Facsimile: 850.436.6067
Email: cpaulos@levinlaw.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing has been served by electronic filing with the Clerk via the CM/ECF system, which electronically notifies all registered participants. I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 10, 2020             Respectfully submitted,

                    */s/ Dustin B. Herman*